IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

COURTNEY A. SCHLOEMER                                          APPELLANT

v.                                         Civil No. 1:10cv566HSO-JMR

DAVID S. MOYER                                                APPELLEE

-CONSOLIDATED WITH-

DAVID S. MOYER                                                APPELLANT

v.                                         Civil No. 1:11cv176HSO-JMR

COURTNEY A. SCHLOEMER                                          APPELLEE

### MEMORANDUM OPINION AND ORDER REMANDING MARCH 29, 2011 ORDER [2-8] TO UNITED STATES BANKRUPTCY COURT AND DISMISSING BANKRUPTCY APPEAL CIVIL NO. 1:11cv176

THIS MATTER COMES BEFORE THE COURT as an appeal in Civil No. 1:11cv176, taken by David S. Moyer, the debtor below.  Moyer appeals the March 29, 2011, Order [2-8] of the United States Bankruptcy Court for the Southern District of Mississippi.  The appeal is fully briefed in accordance with FED. R. BANKR. P. 8009(a). After consideration of the submissions of the parties, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the March 29, 2011, Order [2-8] should be remanded to the United States Bankruptcy Court for consideration in the first instance, in light of the Court's resolution of the consolidated appeal in *Courtney A. Schloemer v. David S. Moyer*, Civ. No. 1:10cv566, by separate Order entered this date.

# I.  BACKGROUND

On December 22, 2003, the Chancery Court of Madison County, Mississippi, entered a Final Judgment of Divorce–Irreconcilable Differences, dissolving the marriage between Courtney A. Schloemer, Appellee, and David S. Moyer, Appellant. The Judgment incorporated by reference a Property Settlement Agreement ("Agreement"), which both parties executed.  On August 12, 2004, Moyer filed a Petition under Chapter 7 of the Bankruptcy Code, and was granted a discharge on March 7, 2007, pursuant to 11 U.S.C. § 727.  In 2009, the bankruptcy case was reopened upon motion of Moyer, and will be referred to herein as *Moyer I*.  Moyer sought a declaratory judgment as to whether his obligations under the 2003 Agreement had been discharged.  At issue was "whether certain marital debts undertaken by Moyer as part of an agreement incident to his divorce [were] in the nature of alimony, maintenance, or support.  If so, they [were] non-dischargeable under 11 U.S.C. § 523(a)(5)."  *In re Moyer*, No. 04-53693, 2010 WL 4608760, at *1 (Bankr. S.D. Miss. Nov. 5, 2010).

The Bankruptcy Court conducted a trial on September 15, 2010, and entered its Order and Judgment on November 5, 2010, wherein it held that Schloemer failed to prove the existence of any remaining debts owed in the Agreement, and that all debts had been discharged in Moyer's bankruptcy.  *In re Moyer*, No. 04-53693, 2010 WL 4608760, at *12 (Bankr. S.D. Miss. Nov. 5, 2010).  On November 15, 2011, Schloemer appealed the Bankruptcy Court's November 5, 2010, Order, which was

docketed in this Court as Civil No. 1:10cv566.  By separate Order [12][1] entered this date, this Court vacated the November 5, 2010, Order and Judgment of the Bankruptcy Court to the extent they concluded the non-existent debts were discharged, and affirmed them in all other respects.

On December 14, 2010, one day prior to filing her appeal in *Moyer I*, Schloemer filed a "Motion for Relief from Final Judgment," in the Chancery Court of Madison County, Mississippi.  Mot. for Relief, attached as Ex. "4" to Compl. [2].  Schloemer's Motion sought to set aside the 2003 Agreement on the basis of fraud pursuant to MISS. R. CIV. P. 60(b)(1).  *Id.*  In response to Schloemer's Motion for Relief in state court, on January 11, 2011, Moyer filed in the Bankruptcy Court a Complaint for Adjudication of Contempt, Sanctions and Enforcement of the Permanent Injunction Imposed Per 11 U.S.C. § 524(a)(2).  Compl. [2].  The Court will refer to this proceeding as *Moyer II*.  Moyer characterizes the relief sought in *Moyer II* as follows:

> 1) an injunction forever prohibiting Schloemer from initiating any action whatsoever with respect to Moyer as it relates to their final divorce judgment, 2) significant monetary sanctions against Schloemer for lost time, lost profits, attorney's fees, costs and expenses, and a [sic] 3) sanctions against Schloemer to deter such future wrongful and wilful misconduct.

Appellant Br. [5] at pp. 10-11.

On February 11, 2011, Schloemer filed a Motion to Dismiss *Moyer II* in the Bankruptcy Court.  The Bankruptcy Court conducted a hearing on the Motion, and on March 29, 2011, it entered its Order [2-8] dismissing *Moyer II*, on grounds that it

---

[1]*See also* Order [24] in 1:10cv566.

lacked subject matter jurisdiction.  Order [2-8].  The Bankruptcy Court reasoned that exercising jurisdiction over *Moyer II* would impermissibly interfere with the pending appeal in *Moyer I* on grounds that "the issues raised in [*Moyer II*] [were] inseparable from those presented in the pending appeal in [*Moyer I*]."  Order [2-8] at p. 3.  Moyer now appeals the Bankruptcy Court's March 29, 2011, Order [2-8], presenting three issues for review:

1.  *Moyer II* is functionally separate and distinct from the matters presented by *Moyer I*, hence the Bankruptcy Court retains jurisdiction;

2.  Moyer's discharge and Schloemer's failure to challenge the dischargeability of the pre-petition property settlement obligations pursuant to 11 U.S.C. 523(a)(2) now bar her from asserting claims of fraud;

3.  By dismissing *Moyer I*, the Bankruptcy Court has left Moyer without a remedy for Schloemer's violation of the permanent injunction.

Appellant Br. [5] pp. 12-20.  Because the Court has on this day resolved the appeal in *Moyer I*, the Court need not address the points of error on appeal in *Moyer II*, and remands *Moyer II* to the Bankruptcy Court for consideration on the merits in the first instance.

## II.  <u>DISCUSSION</u>

The Fifth Circuit has

repeatedly recognized that, when a notice of appeal has been filed in a bankruptcy case, the bankruptcy court retains jurisdiction to address elements of the bankruptcy proceeding that are not the subject of that appeal.  It may even continue to address matters indirectly implicated in the appeal.  Accordingly, this [Circuit] has specifically rejected "the broad rule that a bankruptcy court may not consider any request which either directly or indirectly touches upon the issues involved in a pending appeal and may not do anything which has any impact on the order on appeal.

These precedents point toward a functional test: "once an appeal is pending, it is imperative that a lower court not exercise jurisdiction over those issues which, although not themselves expressly on appeal, nevertheless so impact the appeal so as to interfere with or effectively circumvent the appeal process."

*In re Scopac*, 624 F.3d 274, 280 (5th Cir. 2010) (internal citations omitted).

Pursuant to 28 U.S.C. § 157(a), a district court may refer "any or all proceedings arising under title 11. . . to the bankruptcy judges for the district."  28 U.S.C. § 157(a).  This Court, under 28 U.S.C. § 158(a), has "jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases . . . referred to the bankruptcy judges under section 157 of this title."  28 U.S.C. § 158(a).

To regain original jurisdiction over a case, a district court may withdraw its reference of a case to a bankruptcy court through either mandatory or permissive withdrawal.  *Jones v. Walter Mortgage Co.*, No. 3:08cv124, 2009 WL 2999195, at * 2 (N.D. Miss. Sept. 16, 2009).  28 U.S.C. § 157(d) provides that:

[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. 157(d).

A district court must withdraw its reference of a case to the bankruptcy court provided that "(i) the proceedings in the bankruptcy court involves substantial and material question of non-Bankruptcy Code federal law, (ii) the non-Bankruptcy Code

-5-

federal law has more than a *de minimis* effect on interstate commerce; and (iii) a motion for withdrawal of the reference has been timely filed." *Jones*, 2009 WL 2999195, at *2.  A district court may withdraw its reference of a case based upon consideration of the following factors: (1) whether the proceedings are core or non-core; (2) the most efficient use of judicial resources; (3) the length of potential delay and the cost to the parties of that delay; (4) whether withdrawal will promote uniformity of bankruptcy administration; (5) whether the party seeking withdrawal of the reference is engaging in forum shopping; and (6) other related factors.  *Id*; *see also Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 341, 349-55 (S.D. Tex. 2009).

The parties have not directly requested the Court withdraw its reference of *Moyer II* to the Bankruptcy Court.  However, the parties argue the merits of *Moyer II* in their appellate briefing, and Moyer has filed a Motion for Preliminary Injunction [8][2] before this Court.  The Court is of the opinion that mandatory withdrawal does not apply here, and that the relevant factors do not weigh in favor of permissive withdrawal of its reference of *Moyer II* to the Bankruptcy Court.  "Absent such a withdrawal, the bankruptcy court retains original jurisdiction and the district court appellate jurisdiction" over *Moyer II*.  *In re Southold Development Corp.*, 129 B.R. 18, 20 (E.D. N.Y. 1991).  Thus, to the extent the parties argue the merits of *Moyer II* in this forum, the Court observes that it has only appellate, and not original, jurisdiction over the subject matter of this appeal.  *See id*. at 21.

---

[2]Moyer also filed a Motion for Preliminary Injunction in *Moyer I*, docket entry [17] in 1:10cv566, prior to the Court's consolidation of *Moyer I* and *Moyer II*.

Because this Court has now resolved the appeal in *Moyer I*, any concern that the issues raised in *Moyer II* might impact the appeal of *Moyer I* "so as to interfere with or effectively circumvent the appeal process," have been rendered moot. *In re Scopac*, 624 F.3d at 280.  In light of this Court's resolution of *Moyer I*, *Moyer II* should therefore be remanded to the Bankruptcy Court for resolution on the merits in the first instance.

### III. <u>CONCLUSION</u>

Based upon the foregoing, the Court will remand the March 29, 2011, Order [2-8] to the Bankruptcy Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, as stated herein, the March 29, 2011, Order [2-8] of the Bankruptcy Court is **REMANDED** to the United States Bankruptcy Court for resolution on the merits in the first instance.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion for Preliminary Injunction [8] is **DENIED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this appeal is hereby **DISMISSED**.

**SO ORDERED AND ADJUDGED**, this the 20th day of September, 2011.


*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE